UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                  :

AMERICAN SPRING WIRE           :        CASE NO. 1:08-cv-792
CORP,                                             :
                                                :
            Plaintiff,                      :        JUDGE JAMES S. GWIN
                                                :
vs.                                                 :        OPINION AND ORDER
                                                :        [Resolving Doc. 9.]
DUNHAM PRICE GROUP, LLC,.   :
*et. al.*                                           :
                                                :
            Defendants.                   :
                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      With this Opinion and Order, the Court addresses the Defendants' motion to dismiss the case for lack of personal jurisdiction or, in the alternative, to transfer venue. [Doc. 9-1.] The Plaintiff opposes the motion. [Doc. 22-1.]

      For the reasons explained below, the Court **GRANTS** the Defendants' motion to dismiss for lack of personal jurisdiction. Because the Court finds that it lacks personal jurisdiction over the Defendants, the Court will not address the Defendants' alternative motion to transfer venue.

## I. Background

      On a motion to dismiss, the Court construes the facts in the light most favorable to the Plaintiff. *See Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir. 1998). Any disputed facts are resolved in favor of the Plaintiff.

      Plaintiff American Spring Wire Corp. is an Ohio corporation with its principal place of

business in Bedford Heights, Ohio. [Doc. 21 at 1.] Defendants Dunham Price Group, LLC and DP Concrete Products, LLC (DP Concrete) are Louisiana corporations with their principal places of business in Westlake, Louisiana. [Doc. 21 at 2.]

In January of 2007, Defendant DP Concrete learned of the "Motiva project," a multi-billion dollar expansion of an oil refinery located in Port Arthur, Texas. [Doc. 9-2 at 1.] Bechtel/Jacobs Joint Venture, the general contractor in charge of the project, invited DP Concrete to bid on the concrete piling work required by the project. *Id.*

In January and February of 2007, Defendant used email to negotiate selling pre-stressed PC strand wire (PC strand), a component necessary to the manufacture of concrete pilings. The Defendant dealt with Terri Ramey, a sales representative for American Spring Wire in its Houston, Texas office. [Docs. 9-2 at 2, 9-6.] On February 15, 2007, DP Concrete submitted a concrete pilings bid to Bechtel/Jacobs, incorporating the Plaintiff's PC strand price. [Doc 9-2.] In April of 2007, Bechtel/Jacobs awarded a portion of the concrete pilings work to DP Concrete. *Id.*

On April 13, 2007, DP Concrete emailed Ramey to inform her that DP Concrete would use the American Spring Wire quote to provide concrete pilings for the Motiva project. *Id.*; [Doc. 9-11.] On April 26, 2007, Ramey traveled to Louisiana to finalize the deal. [Doc. 9-2.] Thereafter, the Plaintiff began to ship PC strand to DP Concrete in Louisiana. [Doc. 9-14.] Most of the PC strand was manufactured in and shipped from Houston, Texas, while some of it came from Ohio. [Doc. 22-2 at 2.] DP Concrete integrated the PC strand into concrete pilings in Louisiana, and shipped the pilings to Port Arthur, Texas. [Doc. 9-4.]

The parties used correspondence, called releases and acknowledgments, to effect individual shipments. [Doc. 22-2 at 2.] Invoices from American Spring Wire accompanied shipments, and DP Concrete sent payment on those invoices directly to the Plaintiff's Ohio offices. *Id.* at 3. The parties

carried out this correspondence between the Plaintiff's Ohio office and the Defendants' Louisiana offices. *Id.* at 2. The agreement continued without issue until January 2008, when a dispute arose over the price of PC strand.[Docs. 9-2; 9-15.]

The disagreement regarding price led to a new series of correspondence between Joe Napoli, American Spring Wire's General Manager, located in Bedford Heights, Ohio, and DP Concrete's Jeremy Adkins and Rob Price, both located in Westlake, Louisiana. *See* [Docs. 9-15, 9-16, 9-17, 9-18, 9-19, 9-20, 9-21.] On February 20, 2008, Napoli and American Spring Wire's Executive Vice-President, Bill Snyder, traveled to meet Adkins at DP Concrete's Louisiana offices to discuss the pricing dispute. *See* [Doc. 9-21]. DP Concrete and the Plaintiff could not resolve their disagreement.

On March 27, 2008, the Plaintiff filed its complaint with this Court. [Doc. 1.] On April 23, 2008, DP Concrete filed suit against Plaintiff American Spring Wire in the United States District Court for the Western District of Louisiana, Case No 2:08-cv-00571.

Now before this Court is the Defendant Dunham Price's motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), or in the alternative a motion to transfer venue pursuant to 28 U.S.C. § 1404.

## II. Personal Jurisdiction

*A. Legal Standard*

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move a court to dismiss a case for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). In a diversity case, the law of the forum state dictates whether such jurisdiction exists. *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 Fed.Appx. 425, 429 (6th Cir. 2006). In Ohio, a defendant's conduct must satisfy both Ohio's long-arm statute as well as the requirements of the Due Process Clause to permit

a finding of personal jurisdiction over that defendant. *Id.*

The plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Air Prods. and Controls, Inc.*, 503 F.3d at 549. Where the defendant files a properly supported motion to dismiss, "the plaintiff may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews d/b/a Matthews Lumber Transfer*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted). Nonetheless, when ruling on a motion to dismiss for lack of personal jurisdiction, a district court, "without conducting an evidentiary hearing, . . . must consider the pleadings and affidavits in a light most favorable to the plaintiff." *Motel 6*, 134 F.3d at 1272 (citations omitted). The plaintiff "need only make a prima facie showing of jurisdiction," and the court "does not weigh the [defendant's] controverting assertions." *Id.* Dismissal is proper where the plaintiff's factual allegations taken together fail to establish a *prima facie* case for personal jurisdiction. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

The Ohio Supreme Court has stated that "the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). "Nevertheless, in evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, [the Sixth Circuit has] consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice.'" *Bird v. Parsons*, 289 F.3d 865, 871-72 (6th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

In this case, Plaintiff American Spring Wire claims jurisdiction under the Ohio long-arm statute's section 2307.382(A)(1). It provides:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by

an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state; . . .

(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

O.R.C. § 2307.382. The Sixth Circuit recently suggested that the analysis governing the (A)(1), "transacting any business," provision of Ohio's long-arm statute cited here is generally "coextensive with the Due Process clause" analysis. *Burnshire*, 198 Fed.Appx. at 432.

Due process requires that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). In a given case, one of two frameworks will determine the limits of due process: general jurisdiction or specific jurisdiction. *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). Here, the Court considers whether Ohio has specific jurisdiction.  A plaintiff may demonstrate specific jurisdiction by satisfying the three-part test established in the Sixth Circuit:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *see also Air Prods. and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007).

B. Discussion

    *i. Ohio's Long-Arm Statute*

The Court first briefly addresses the Plaintiff's argument that Ohio's long-arm statute, O.R.C.

§ 2307.382, permits this Court to exercise personal jurisdiction in this case. In support of its proposition, the Plaintiff cites several Ohio cases where the courts held that the long-arm statute's 'transacting business' provision permitted the exercise of personal jurisdiction over defendants whose contacts in Ohio were arguably similar to DP Concrete and Dunham Price's contacts. *See, e.g., Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 75 (Ohio 1990) (finding personal jurisdiction proper over a non-resident corporate defendant where it negotiated a lease for property located outside of Ohio via telephone with Ohio partnership, sent the executed lease to Ohio, and the lease required defendant to communicate with and send lease payments to plaintiff's Ohio office). *See also, American Office Services, Inc. v. Sircal Contracting, Inc.*, 2003 WL 22672184 (Ohio App. 2003) (Negotiation by telephone and mail with Ohio party for upholstery work to be done in Missouri sufficient to satisfy Ohio long-arm statute but not sufficient to satisfy due process requirement.) Under the reasoning of *Kentucky Oaks*, the Court finds that the Ohio long-arm statute would give this Court personal jurisdiction over the Defendant in this case if the exercise of personal jurisdiction comports with Due Process.

  *ii. The Due Process Clause*

Even construing all factual allegations in favor of the Plaintiff, the Court finds that American Spring Wire fails to show the facts of this case fulfill even the first prong of the *Southern Machine* due process test, and that the Plaintiff therefore fails to make a *prima facie* showing of specific jurisdiction in this case.

Under the first prong of the *Southern Machine* test, "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state." *S. Mach. Co.*, 401 F.2d at 381. Purposeful availment is the "constitutional touchstone" of personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). It exists where the

defendant's contacts with the forum state "proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State" such that he "'should reasonably anticipate being haled into court there.'" *Id.* at 474-75 (emphasis in original) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). In the context of an alleged contractual relationship, courts should consider "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" in determining purposeful availment. *Burger King Corp.*, 471 U.S. at 479.

The Plaintiff alleges that the Defendant has the following contacts in Ohio: some of the materials the Defendant has received were manufactured in and shipped from Ohio; the Defendant corresponded with the Plaintiff's Ohio office regarding the negotiation of the contract, the releases and acknowledgments (the execution of the contract), and the breakdown of the agreement arising out of the pricing dispute; the Defendant made payments directly to the Plaintiff's Ohio offices. In addition, the contracts included a choice of law clause that identified Ohio law as controlling.

As an initial matter, the Plaintiff concedes that "unilateral activity . . . is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction," *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984), but argues that the activity here was not 'unilateral.' The Court finds the argument persuasive at least insofar as the parties' agreement contemplated ongoing obligations between them, and the Defendant received goods shipped from and sent payment to Ohio. The Plaintiff must still show, however, that the Defendant violated obligations "aris[ing] from a privilege [it] exercised in [Ohio]," not merely that the violation caused a "negative economic effect on the in-state plaintiff-seller." *Kerry Steel Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 151 (6th Cir. 1997). While American Spring Wire's bank account likely suffered, "the locus of such a monetary injury is

immaterial, as long as the obligation did not arise from 'a privilege . . . exercised in [Ohio].'" *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303, (6th Cir. 1989) quoting *Hanson v. Denckla*, 357 U.S. 235, 252 (1958).

The Court finds the Sixth Circuit's decision in *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000) instructive in this matter. The dispute in *Calphalon* concerned a services contract lasting a period of seventeen months between a defendant Minnesota corporation and a plaintiff Ohio corporation. The defendant acted as a sales representative for the plaintiff, performing its services outside of Ohio. The defendant visited the plaintiff's Ohio facilities in person for various purposes, and did so at least once to "accompany a client on a tour of the Calphalon facilities." *Id.* at 720. The Sixth Circuit found the exercise of personal jurisdiction improper because the defendant performed its obligations outside the state of Ohio, and because the defendant had not sought to exploit any market in Ohio. *Id.* at 723.

The Plaintiff argues that it partially performed on the agreement in the state of Ohio in that some of the PC strand that was shipped to the Defendant was manufactured in and shipped from Ohio. According to the Plaintiff, that fact, among others, makes the exercise of personal jurisdiction appropriate. In *Calphalon*, the fact that the defendant accompanied clients on visits to the plaintiff's Ohio facilities was not determinative. 228 F.3d at 723. Under the contract in *Calphalon*, the defendant acted as the plaintiff's sales agent, and the defendant's visits to Ohio furthered its obligations under the contract. If the *defendant's* partial performance in Ohio was not enough in *Calphalon*, the *Plaintiff's* partial performance cannot make jurisdiction proper in this case.[1] *See*

---

[1] The Court also notes that the majority of the material was manufactured in and shipped from Texas. Further, the Defendant used the PC strand to create concrete pilings in Louisiana and then installed them at the Port Arthur, Texas oil refinery. While a fraction of the PC strand may have been manufactured in and shipped from Ohio, it seems that the *locus in quo* of the agreement was somewhere in Louisiana or Texas, and not in Ohio.

*also Null v. Bank One of Columbus, N.A.*, 988 F.2d 1210 (5th Cir. 1993) (finding "unilateral partial performance" by plaintiff insufficient to support the exercise of personal jurisdiction where there were no "purposeful activities by the defendant[]"in the forum state).

Moreover, the Defendants' contacts with Ohio were the result of the Plaintiff's choice of location. The Defendants likely would have done nothing differently had the Plaintiff chosen an alternative "base of operation." *See Calphalon,* 228 F.3d at 723. It cannot be said then that the Defendant purposely availed itself of the privilege of doing business in Ohio, or that it had hoped to exploit any Ohio market or otherwise 'reach out' to do business in Ohio. Thus, under *Calphalon*, the Defendants' contacts in Ohio are too "'random,' 'fortuitous,' or 'attenuated,'" *Burger King*, 471 U.S. at 475 (citing cases), to permit a finding of purposeful availment in this case.

Finally, the Plaintiff does not argue that personal jurisdiction is proper on the basis of the choice of law clause. The Court will not make the Plaintiff's arguments for it.

The Plaintiff fails to show that the purposeful availment prong is fulfilled, and it therefore fails to prove that the exercise of personal jurisdiction is proper in this case.

### III. Venue Transfer

Because the Court lacks personal jurisdiction over the Defendants, it will not address the Defendants' alternative argument to transfer venue pursuant to 28 U.S.C. § 1404. That statute does not allow this Court to transfer cases that are improperly before it.

### Iv. Conclusion

For the reasons explained above, the Court **GRANTS** the Defendants' motion to dismiss for

lack of personal jurisdiction. Because the Court finds that it lacks personal jurisdiction over the Defendants, the Court will not address the Defendants' alternative motion to transfer venue.

    IT IS SO ORDERED.


Dated: July 23, 2008                                                 s/      *James S. Gwin*
                                                                         JAMES S. GWIN
                                                                        UNITED STATES DISTRICT COURT